UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

WALLACE H. TUTTLE,
SUSAN BRIGHAM TUTTLE,
ALDEN STATE BANK,
STATE OF MICHIGAN, and
GRAND TRAVERSE COUNTY TREASURER,

Defendants.

Case No. 1:13-cv-00271

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403(a), and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to reduce to judgment federal tax liabilities of Wallace H. Tuttle, and to enforce the associated liens against certain real property. In support of this action, the United States alleges as follows:

1. Jurisdiction over this action is conferred upon this Court in 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

2. The defendant Wallace H. Tuttle resides within the jurisdiction of this Court.

3. The defendant Susan Brigham Tuttle is joined as a party pursuant to 26 U.S.C. § 7403(b), because she has or may claim an interest in the real property against which the United States seeks to enforce its liens.

4. The defendant Alden State Bank is joined as a party pursuant to 26 U.S.C. § 7403(b),

because it has or may claim an interest in the real property against which the United States seeks to enforce its liens.

5. The defendant State of Michigan is joined as a party pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the real property against which the United States seeks to enforce its liens.

6. The defendant Grand Traverse County Treasurer is joined as a party pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the real property against which the United States seeks to enforce its liens.

7. By Warranty Deed dated March 31, 1994, and recorded with the Grand Traverse County Register of Deeds on April 5, 1994, at Liber 1000, Page 541, T. J. Phillips, Jr., as Trustee of the Linda L. Edel Revocable Inter Vivios Trust No. 1, UAD 11/13/87, as restated 6/6/89, between Linda L. Edel as Settlor and T. J. Phillips, Jr., as Trustee, conveyed to Wallace H. Tuttle and Susan Brigham Tuttle, husband and wife, the following real property located in Peninsula Township, Michigan ("Subject Property"):

> Beginning at the West one-quarter corner of said Section 34, Town 30 North, Range 10 West; thence along the West line of said Section and the centerline of Peninsula Drive North 00º 31' 19" East 964.17 feet to a blue stone established by E. P. Waterman, County Surveyor, on the 17th day of May 1901; thence parallel with the East-West one-quarter line of said Section North 89º 41' 55" East 1118.72 feet to a point which is 15 rods westerly of and normal to the West one-eighth line of said Section; thence parallel to said West one-eighth line South 00º 33' 20" West 964.17 feet to the East-West one-quarter line of said Section; thence along said East-West one-quarter line South 89º 41' 55" West 1118.15 feet to the Point of Beginning (end of description).
>
> Property ID No.: 11 234 007 00

COUNT I: TRUST FUND RECOVERY PENALTY
LIABILITIES OF WALLACE H. TUTTLE

8. The United States incorporates paragraphs 1 and 2, above.

9. On January 2, 2004, a delegate of the Secretary of the Treasury made assessments in the following amounts against Wallace H. Tuttle pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, or paying over to the Internal Revenue Service the trust fund portion of the federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of employees of Wallace H. Tuttle, P.C., and who willfully failed to collect, truthfully account for, or pay over to the Internal Revenue Service those taxes with respect to the periods listed below, which have balances due with accruals, fees, and costs as of January 14, 2013, as follows:

| Tax Period Ending | Assessment Amount | Balance Due as of January 14, 2013 |
|---|---|---|
| 09/30/1998 | $4,033.67 | $6,485.03 |
| 12/31/1998 | $3,802.03 | $6,073.75 |
| 03/31/1999 | $3,109.06 | $4,966.76 |
| 06/30/1999 | $3,443.73 | $5,501.40 |
| 09/30/1999 | $3,917.51 | $6,258.27 |
| 12/31/1999 | $4,382.35 | $7,000.83 |
| 06/30/2000 | $4,527.26 | $7,232.31 |
| 09/30/2000 | $3,764.22 | $6,013.37 |
| 12/31/2000 | $4,799.74 | $7,667.67 |
| 03/31/2001 | $4,912.74 | $7,848.15 |
| 06/30/2001 | $3,606.92 | $5,762.07 |
| 09/30/2001 | $6,683.54 | $10,677.02 |
| 12/31/2001 | $6,540.57 | $10,448.60 |

| Tax Period Ending | Assessment Amount | Balance Due as of January 14, 2013 |
|---|---|---|
| 03/31/2002 | $6,328.50 | $10,109.80 |
| 06/30/2002 | $5,972.82 | $9,541.62 |
| 09/30/2002 | $6,167.56 | $9,852.73 |
| | **TOTAL** | $121,439.38 |

10. On the dates of the assessments described in paragraph 9, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Wallace H. Tuttle.

11. Despite such notice and demand, Wallace H. Tuttle has failed, neglected, or refused to pay in full the assessed liabilities described in paragraph 9, above, and, as of January 14, 2013, he remains indebted to the United States of America for those liabilities, after taking into account all payments, credits, and abatements, in the amount of $121,439.38, plus statutory additions including interest that continue to accrue from and after January 14, 2013.

COUNT II: INCOME TAX LIABILITIES OF WALLACE H. TUTTLE

12. The United States incorporates paragraphs 1 and 2, above.

13. On the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments against Wallace H. Tuttle, for federal income tax liabilities for the following tax periods and in the following amounts, which have balances due with accruals, fees, and costs as of January 14, 2013, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Assessment Amount | Balance Due as of January 14, 2013 |
|---|---|---|---|---|
| 12/31/1994 | 05/26/2003<br>05/26/2003<br>05/26/2003<br>05/26/2003 | Tax<br>Late filing penalty<br>Failure to pay tax penalty<br>Interest | $29,659.00<br>$6,673.27<br>$7,414.75<br>$32,575.81 | $121,767.24 |
| 12/31/1995 | 03/31/2003<br>03/31/2003<br>03/31/2003<br>03/31/2003 | Tax<br>Late filing penalty<br>Failure to pay tax penalty<br>Interest | $8,171.00<br>$1,838.47<br>$2,042.75<br>$7,189.51 | $27,430.07 |
| 12/31/1996 | 07/07/2003<br>07/07/2003<br>07/07/2003<br>07/07/2003<br>07/07/2003 | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Failure to pay tax penalty<br>Interest | $7,579.00<br>$302.87<br>$1,322.77<br>$1,469.75<br>$4,282.08 | $21,647.11 |
| 12/31/1997 | 07/28/2003<br>07/28/2003<br>07/28/2003<br>07/28/2003<br>07/28/2003 | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Failure to pay tax penalty<br>Interest | $7,311.00<br>$318.02<br>$1,359.90<br>$1,511.00<br>$3,431.39 | $20,620.77 |
| 12/31/2000 | 05/31/2004<br>05/31/2004<br>05/31/2004<br>05/31/2004<br>10/31/2005 | Tax<br>Late filing penalty<br>Failure to pay tax penalty<br>Interest<br>Failure to pay tax penalty<br>Fees and Collection Costs | $9,841.00<br>$1,561.05<br>$1,318.22<br>$1,605.78<br>$416.28<br>$13.00 | $18,547.91 |
| 12/31/2005 | 10/02/2006<br>10/02/2006<br>10/02/2006<br>10/02/2006<br>11/15/2010 | Tax<br>Estimated tax penalty<br>Failure to pay tax penalty<br>Interest<br>Failure to pay tax penalty<br>Fees and Collection Costs | $8,446.00<br>$265.16<br>$203.82<br>$243.23<br>$1,494.68<br>$13.00 | $11,839.17 |
| | | | **Total Due:** | $221,852.27 |

14. On the dates of the tax assessment described in paragraph 13, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for

payment upon,Wallace H. Tuttle.

15. Despite such notice and demand, Wallace H. Tuttle has failed, neglected, or refused to pay in full the assessed liabilities described in paragraph 13, above, and, as of January 14, 2013, he remains indebted to the United States of America for those liabilities, after taking into account all payments, credits, and abatements, in the amount of $221,852.27, plus statutory additions including interest that continue to accrue from and after January 14, 2013.

COUNT III: ENFORCEMENT OF FEDERAL TAX LIENS AGAINST SUBJECT PROPERTY

16. The United States incorporates paragraphs 1 through 15, above.

17. The Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), which was recorded on November 7, 2003 with the Grand Traverse County Register of Deeds, at Liber 2033, Page 497, for the federal income tax liabilities for the tax periods ending on December 31, 1994, December 31, 1995, December 31, 1996, and December 31, 1997.

18. The Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), which was recorded on February 18, 2004 with the Grand Traverse County Register of Deeds, at Liber 2073, Page 177, for the trust fund recovery penalty liabilities for the tax periods ending on September 30, 1998, December 31, 1998, March 31, 1999, June 30, 1999, September 30, 1999, December 31, 1999, June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, December 31, 2001, March 31, 2002, and June 30, 2002.

19. The Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), which was recorded on February 18, 2004 with the Grand Traverse County Register of Deeds, at Liber 2073, Page 178, for the trust fund recovery penalty liabilities for the tax period ending on September 30, 2002.

20. The Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), which was recorded on July 27, 2004 with the Grand Traverse County Register of Deeds, at 2004R-11339, for the federal income tax liabilities for the tax period ending on December 31, 2000.

21. The Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), which was recorded on December 13, 2006 with the Grand Traverse County Register of Deeds, at 2006R-25426, for the federal income tax liabilities for the tax period ending on December 31, 2005.

22. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the trust fund recovery penalty assessment described in paragraph 9, above, and on the dates of the federal income tax assessments described in paragraph 13, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging Wallace H. Tuttle, including the Subject Property.

23. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Subject Property, to have that entire property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties to this case, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, to the United States and the other parties in accordance with the law.

**WHEREFORE**, the plaintiff United States of America demands the following:

A. Judgment in favor of the plaintiff the United States of America and against the defendant Wallace H. Tuttle for unpaid trust fund recovery penalty liabilities in the amount of $121,439.38, plus statutory additions accruing from and after January 14, 2013, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Judgment in favor of the plaintiff the United States of America and against the defendant Wallace H. Tuttle for unpaid federal income tax liabilities in the amount of $221,852.27 plus statutory additions accruing from and after January 14, 2013, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C. Judgment that the United States may enforce its liens against the Subject Property, and ordering the Subject Property to be sold, according to law, free and clear of all rights, titles, claims, liens, and interest of the parties to this case, and without any right of redemption, with the net proceeds of the sale, after the payment of the costs of sale and any real estate taxes due and owing, to be distributed in accordance with the respective rights of the parties; and,

D. Any other relief that the Court deems just and proper, including, but not limited to, an award of the United States' costs.

Dated: March 13, 2013.

KATHRYN KENEALLY
Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ *Jules M. DePorre*
JULES M. DePORRE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Telephone (202) 514-6056
Fax (202) 514-5238
Jules.M.DePorre@usdoj.gov

*Local Counsel*:
PATRICK MILES, JR.
United States Attorney